UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIO ROSENDO SANTOS-
MUNGUIA,

          Petitioner,

v.

PAMELA BONDI[1] and RONNIE
WOODALL,

          Respondents.

Case No. 3:26-cv-550-MMH-LLL

_____

### **ORDER**

Petitioner Julio Rosendo Santos-Munguia, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Santos-Munguia is a citizen of Honduras who entered the United States in approximately 2018. See Petition at 2. He asserts that the United States Immigration and Customs Enforcement (ICE) is illegally detaining him without an "adequate bond hearing" in violation of the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act (INA). Id. at 1, 3. As relief, he seeks, inter alia, either immediate release or an individualized bond hearing. Id. at 3–4.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche is automatically substituted for Pamela Bondi.

Respondent Warden filed a Motion to Dismiss (Doc. 12), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 11; Response), asserting that they are now detaining Santos-Munguia under 8 U.S.C. § 1226(a) and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on a recent decision issued by the Eleventh Circuit Court of Appeals. See Response at 1–2 (citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026)) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Santos-Munguia was detained, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA).

Accordingly, it is

**ORDERED**:

1.     Santos-Munguia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention

2

without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Santos-Munguia an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Santos-Munguia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden's Motion to Dismiss (Doc. 12) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[2] Because the Court finds that Santos-Munguia is entitled to relief on his assertion that Respondents violated the INA, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-6
c:
Counsel of Record